FURLONG *&* al., Petr's for Partition, versus SOULE *&* ux.

Where the share of one of the heirs in his father's real estate was attached and levied on by the administratrix, a subsequent petition for partition by the other heirs, to the judge of probate, and a division of the estate thereon among *all* the heirs, is not a waiver of the levy. The heirs had no *legal* interest in the *land* levied on that could be waived.

Under the Act of 1817, c. 190, the judge of probate had full power, in such cases, to make a division among the heirs.

By the Act of Feb. 11, 1789, § 3, all *lands* levied on by the administrator, were held to the sole use and behoof of the *widow* and *heirs* of the deceased, and could only be distributed by the judge of probate as *personal estate*.

The heir whose interest in real estate was thus taken, under that Act had no right to a partition of such share in the *real estate*, nor could he convey any such right to another person.

Where it is agreed that *all* the right of an heir to an estate passed by levy to the administratrix, such heir has no right remaining in that set-off as dower.

PETITION FOR PARTITION.

ON FACTS AGREED, which are all stated in the opinion, which was drawn up by

SHEPLEY, C. J. — The petitioners' claim is to have partition of one undivided eleventh of the land described in their petition. It is admitted, that William Brown owned those lands, and that he died seized of them in the year 1816, leaving eleven children. The petitioners claim to be the owners of the share of John, one of those children.

By deed bearing date on Dec. 27, 1817, he conveyed "all the right and title which shall belong to me in my father's interest, now deceased, and which remains unsettled" to Joseph Mann, who on Dec. 8, 1848, conveyed to the petitioners certain lands "together with all the interest conveyed to me by John Brown by his deed of Dec. 27, 1817."

Before John Brown had conveyed his interest to Mann, "his part or share in the estate of his father, William Brown, deceased," was attached on Dec. 6, 1817, on a writ against him in favor of the administratrix on his father's estate. It is admitted, that judgment was recovered in that suit, and that an execution issued thereon was duly levied on "all the right, title and interest of said John in the estate of said William," and that his interest passed by that levy, which has never been redeemed.

It is also admitted, that all the heirs except John, presented a petition to the court of probate on September 16, 1818, for a division of the estate of William Brown; that commissioners were appointed, who made a division bearing date on June 19, 1819, which was accepted at a probate court holden on the first Tuesday of February, 1821. The tract of land first described in this petition is admitted to have been set off to John Brown.

1. The counsel for the petitioners contends, that the other heirs, by causing that division to be made and a share to be set off to John, "waived the levy and restored their brother John Brown to his original inheritance."

Although the share of John Brown had been transferred to another by the levy and had been also conveyed by deed, the judge of probate might, by virtue of the Act of 1817, c. 190, make a legal division of the estate of William Brown,

and the share assigned to John would be held by the title derived from him either by the levy or conveyance. *Proctor* *v. Newhall*, 17 Mass. 81. The course pursued by the heirs being legal and appropriate, cannot be regarded as a waiver of any legal rights. The title acquired by the levy did not vest in them; and they had no legal interest in the land that could be waived.

2. The counsel insists, that the petitioners are entitled to one eleventh part of the share of John, if it passed by the levy to the administratrix, as she would hold it for the use of all the children, including John.

By the then existing law, the administratrix would be seized of the land levied upon, " to the sole use and behoof of the widow and heirs of the deceased," to be distributed by the judge of probate as personal estate. Act of Feb. 11, 1789, § 3. The heirs had no legal title to it as their real estate. John could not have his interest in it set off by partition as his real estate; and his grantee can have no superior claim.

3. It is further contended, that the land assigned to the widow as dower was not divided; and that the petitioners are therefore entitled to one eleventh part of that tract.

It is agreed, that " by virtue of which levy all the right, title and interest of said John Brown in and to the estate of said William, then being in common and undivided, passed to said Anna Brown, administratrix." John, therefore, could have no interest not included in the levy in the land assigned to the widow as dower, which could be conveyed to Mann.

As the petitioners fail to exhibit any legal title, it will not be necessary to inquire, whether the respondents have acquired one by possession.          *Petition dismissed.*

*Freeman*, for respondents.

*Morgan*, for petitioners.